IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JERRY LLOYD SEWARD,           )
                              )
         Petitioner,          )
                              )
                              )   CIV-14-414-F
v.                            )
                              )
KAMERON HARVANEK, Warden,     )
                              )
         Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice for lack of jurisdiction.

Petitioner seeks to challenge his conviction entered in the District Court of Grady County, Oklahoma, Case No. CF-2002-409. On April 28, 2003, Petitioner, who was 54 years old at the time, pled guilty to a single felony charge of Rape in the First Degree of a Minor Under the Age of Fourteen. On June 25, 2003, the district court sentenced Petitioner to forty years of imprisonment with twenty years to serve and twenty years suspended. Petitioner filed two subsequent post-conviction applications in state court challenging his conviction and sentence, and both applications were denied in the district court. The Oklahoma Court

1

of Criminal Appeals ("OCCA") affirmed the district court's decisions.

On February 27, 2007, Petitioner filed his first 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court. Seward v. Province, Case No. 07-246-F. United States District Judge Friot referred the case to United States Magistrate Judge Argo, who recommended that the petition be dismissed upon filing because his claims of ineffective assistance of counsel were untimely under 28 U.S.C. §§ 2244(d)(1)(A) or 2244(d)(1)(D) and his remaining claims, which challenged the state's post-conviction procedures, failed to state a federal constitutional claim that was cognizable in the federal habeas proceeding.

Petitioner appealed only the district court's decision concerning his ineffective assistance of counsel claims. In an unpublished order entered February 20, 2008, the United States Court of Appeals for the Tenth Circuit determined that the district court properly found Petitioner's claims were time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") because the limitations period expired on July 5, 2004, and his February 27, 2007 filing of a habeas petition was untimely under 28 U.S.C. § 2244(d)(1)(A) and, with respect to his claim that newly-discovered evidence established his innocence, §2244(d)(1)(D). Jerry Lloyd Seward v. Greg Province, Warden, 266 Fed.Appx. 729 (10th Cir. Feb. 20, 2008)(unpublished order). The appellate court determined that Petitioner's asserted grounds for equitable tolling, which included claims that state actors had impeded his access to important records and state and federal courts and his actual innocence claims, did not warrant equitable tolling of the expired limitations period and dismissed the appeal.

Petitioner now attempts to pursue a second habeas proceeding challenging his

conviction in Case No. CF-2002-409. However, "[t]he filing of a second or successive §2254 application is tightly constrained by the provisions of AEDPA." Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir.), cert. denied, __ U.S. __, 134 S.Ct. 269 (2013). Under the AEDPA, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "screening" mechanism applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of §2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

Because the previous disposition of his habeas petition challenging the conviction in Case No. CF-2002-409 was on the merits, the instant Petition is successive, and absent prior authorization from the United States Court of Appeals for the Tenth Circuit, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir 2008)(*per curiam*). Petitioner has not alleged or demonstrated that he has obtained the requisite authorization to proceed with a successive habeas petition.

Generally, "when a second or successive petition for habeas corpus relief under §2254 . . . is filed in the district court without the required authorization . . . , the district court should transfer the petition or motion to [the appellate] court in the interest of justice pursuant to [28 U.S.C.] § 1631." Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). However, "[w]here there is no risk that a meritorious successive claim will be lost

absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d at 1252.

Employing the Cline test, it would not further the interest of justice to transfer the Petition to the appellate court to consider Petitioner's implied request for authorization because the Petition is clearly time-barred for the same reasons this Court and the Tenth Circuit Court of Appeals found that his previous § 2254 petition was time-barred. There is no basis for applying the principle of equitable tolling to extend the expired limitations period. Hence, the Petition should be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice for lack of jurisdiction. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __May 22nd__ , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  2nd  day of  May , 2014.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE